Angeluzzi *v.* Perotti, Appellant.

Argued March 29, 1938.    Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*James P. McArdle,* with him *T. Robert Brennan, P. K. Jones* and *John W. McFadyen,* for appellant.

·*Wm. M. Kahanowitz* and *L. Alex Sculco,* for appellee, were not heard.

OPINION BY MR. JUSTICE SCHAFFER, May 9, 1938:

This is a will contest. The contestant is a brother of the testator. The latter devised all his property to a young girl about fifteen years of age, who, while no relation, was virtually a member of his family. She is the daughter of one of his friends. Following the death of testator's only daughter, his wife became nervous and ill and the girl acted as a sort of companion for her. After the wife died, the girl continued to live in the testator's house until he died, about thirteen months later. An issue as to the validity of the will was awarded by the Orphans' Court on the questions of forgery and undue influence. The jury found the will was not forged, but found in favor of contestant on the question of undue influence.

The will was written by a lawyer in his office and witnessed by persons who were entirely disinterested. The beneficiary was not present. Testamentary capacity in the testator is admitted. He had possession of the will for more than thirteen months prior to his death. The proposition of the contestant is that he was unduly influenced by the fifteen-year-old girl beneficiary and by her father, who is named executor. The record is devoid of any influence of any kind exerted by either. The whole of contestant's case is based upon a suspicion of improper relations between the testator and the young girl. The testimony, including that of a physician, entirely refutes such a charge. The trial judge erred in submitting the case to the jury, and his successor, who disposed of it after his decease, properly entered judgment for the proponent non obstante veredicto on the issue of undue influence.

We deem it unnecessary to restate the principles controlling the issue of undue influence, as we have recently covered them in *Cookson's Est.*, 325 Pa. 81, 188 A. 904; *Geist's Est.*, 325 Pa. 401, 191 A. 29, and *Buhan v. Keslar*, 328 Pa. 312, 194 A. 917.

Judgment affirmed.